USDC SCAN INDEX SHEET










JPP   7/13/05   14:09
3:04-CV-02311   TAHITIAN NONI INTL V. TRYTAHITIANNONI.COM
*16*
*P/A.*

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Micha Danzig (SBN 177923)
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Telephone: (858) 812-3107
Facsimile: (858) 812-3336

RAY, QUINNEY & NEBEKER
Mark M. Bettilyon (*via pro hac vice*)
Arthur B. Berger (*via pro hac vice*)
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

Attorneys for Plaintiff
Tahitian Noni International

FILED

'05 JUL -1 PM 3:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHITIAN NONI INTERNATIONAL, INC. *dba* MORINDA, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRYTAHITIANNONI.COM, an Internet Domain Name,<br><br>Defendant. | CASE NO. 04 CV 2311 JAH (RBB)<br><br>MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT<br><br>DATE: September 8, 2005<br>TIME: 3:00 P.M.<br>JUDGE: Hon. John A. Houston |

In accordance with Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Tahitian Noni International, Inc., ("Tahitian Noni") moves for entry of default against Defendant Trytahitiannoni.com ("Defendant"), and for entry of judgment by default in the form of a permanent injunction as described in the proposed Order of Default Judgment submitted herewith.

## I. INTRODUCTION

Tahitian Noni filed this suit on November 17, 2004, after discovering that an Internet domain name incorporating its Tahitian Noni trademark had been registered without its

authorization and was being used to host a website that purveyed various forms of hard-core pornography, including pornography featuring adolescent girls. Samples of the offending web pages are attached as Exhibit 1 to the Declaration of Mark Bettilyon, which has been filed under seal.[1] At the time Tahitian Noni filed its original Complaint, Tahitian Noni did not know Defendants' identity, which Defendants had intentionally concealed.

In accordance with the Cyberpiracy Act, 15 U.S.C. § 1125(d)(2)(A), the registrar of the trytahitiannoni.com domain name has filed documentation with the Court providing the Court with jurisdiction over this matter. (See Notice of Deposit of Registrar Certificate, dated February 4, 2005.) Pursuant to the Piracy Act and Court Order, Defendant was served by email at the address provided to the registrar of the trytahitiannoni.com name as well as at an email address provided on the website itself. Pleadings were also sent via federal express to the address in Australia listed by the registrar and notice was published in The Canberra Times, as required by the Court. Despite these efforts at notification, no defendants have appeared or responded in the time frame provided by the Court.

Entry of a default judgment transferring the domain name to Plaintiff is therefore warranted. The facts alleged in the Complaint, substantiated by documentary evidence already of record, conclusively establish Defendant's liability for violation of the Lanham Act, including the amendment known as the Anticybersquatting Consumer Protection Act ("ACPA").

## II. ARGUMENT

### A. Default Judgment Standard.

The decision to enter a default judgment is within the district court's discretion. *Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir. 1986). In cases where a defendant is served with a complaint and fails to respond in any way, Rule 55(a) of the Federal Rules of Civil Procedure permits the court to rule that the defendant is in default. *Id.* at 492. In this case, Defendant's failure to respond to Tahitian Noni's Complaint is grounds for this Court to enter a default judgment.

---

[1] Since the filing of the Complaint, the content of the website has slightly changed.

As noted in the Declaration of Mark M. Bettilyon, Defendants have been served pursuant to the Anticybersquatting Act and in accordance with this Court's Order dated March 16, 2005. Defendants were also provided with a copy of the Complaint at email addresses listed on the trytahitiannoni.com website and on the registry provided to OnlineNIC, the registrar of the mark. (See Bettilyon Declaration at ¶ 6.) Therefore, service was complete upon the Defendants and they have not responded to the Complaint.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Visioneering Construction v. United States Fidelity & Guaranty*, 661 F.2d 119, 124 (9th Cir. 1981).

In accordance with Rule 54(c) of the Federal Rules of Civil Procedure, which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment," the proposed Order of Default Judgment submitted herewith is based on the relief Tahitian Noni prayed for in its Complaint, namely, an order transferring the domain name to Plaintiff. *See* Compl.¶ 34.

### B. The Facts Alleged, Substantiated by Evidence of Record, Conclusively Establish Defendant's Liability for Plaintiff's Claims.

Tahitian Noni's Complaint sets forth a claim for cyberpiracy under the Lanham Act, 15 U.S.C. § 1125, as amended by the Anticybersquatting Consumer Protection Act, Pub. Law. No. 106-113, 106th Cong. 1st Sess. The facts alleged in the Complaint, substantiated by evidence of record, conclusively establishes Defendant's liability. Indeed, Defendant is the quintessential "Poster Child" the Anticybersquatting Consumer Protection Act was designed to address.

### I. Violation of the Anticybersquatting Consumer Protection Act.

The ACPA became effective on November 29, 1999, is retroactive, and expressly applies to all domain names registered before, on, or after the date of enactment. The ACPA creates liability for defendants who register, traffic in, or use Internet domain names that are identical or confusingly similar to the famous marks of others with the bad faith intent to profit from doing so. 15 U.S.C. § 1125(d). To assist courts in determining whether a defendant has

3
MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION
FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

acted with the requisite bad faith intent, the act contains a nonexclusive list of indicative factors, every one of which is present here. *See* 15 U.S.C. § 1125(d)(1)(B)(i).[2] Numerous courts, moreover, have found bad faith intent present as a matter of law in the factual scenario presented by this case, namely, the use of distinctive trademarks in domain names linked to pornographic websites.

By defaulting, Defendant has admitted as a matter of law that they registered domain names incorporating, and confusingly similar to, Tahitian Noni's distinctive Tahitian Noni trademark, specifically, trytahitiannoni.com (the "Pirated Domain Name"). Compl. ¶¶ 17-20, Defendant has also admitted as matter of law that it used the Pirated Domain Name to operate a website that clearly preys on the trademark rights of others and purvey hardcore pornography. Compl. ¶¶ 20-27. Defendant has also admitted that it uses nearly identical web pages to prey

---

[2]The nine factors are:

(I) The trademark or other intellectual property rights of the defendant in the domain name (Defendant has none). (Compl. ¶ 28)

(II) The extent to which the domain name consists of the legal name of the defendant or name by which the defendant is commonly known (this criterion obviously favors Plaintiff as "Tahitian Noni" is not the legal name of the purported owner of the trytahitiannoni.com domain name which is "Digital domain LLC"). (Compl. ¶ 11)

(III) The defendant's prior use of the mark in connection with the bona fide offering of goods (Plaintiff is aware of no such use, and, given the strength of the mark and its exclusive association with Plaintiff, any such use would clearly be improper).

(IV) The defendant's bona fide noncommercial use of the mark in a site accessible under the domain name (Defendant uses this mark in the same manner as they us multiple other marks they have improperly registered). (Compl. ¶¶ 19-27)

(V) The defendant's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark (clearly indicates Defendant's bad faith as discussed, infra).

(VI) The person's offer to sell the domain name (Defendant offered to sell the domain name to Tahitian Noni). (Compl. ¶ 30)

(VII) The defendant's provision of false and misleading contact information when registering the domain name (Defendant intentionally provided false misleading contact information). (Compl. ¶¶ 25-26)

(VIII) The defendant's registration of multiple domain names that the defendant knows are identical or confusingly similar to the marks of others (Defendant has registered and used the famous marks of others on hundreds of occasions). (Compl. ¶¶ 21-27)

(IX) The extent to which the mark incorporated into the domain name registered by the defendant is distinctive or famous (in the business of multi-level marketing Tahitian Noni is a famous and distinctive trademark). (Compl. ¶¶ 14-16)

on the trademark rights of others. See Exhibit 5 attached to the Declaration of Mark Bettilyon. Such use constitutes bad faith under the ACPA as a matter of law.

### a. Use of a Domain Name in Connection with Pornography Constitutes Bad Faith Intent to Profit as a Matter of Law.

Numerous courts have held that a defendant's use of a plaintiff's trademarks in a domain name hosting a website purveying "adult entertainment" conclusively demonstrates that defendant's bad faith intent to profit from the plaintiff's trademarks. *Mattel, Inc. v. Internet Dimensions Inc.*, 55 U.S.P.Q.2d 1260, 2000 WL 973745 (S.D.N.Y. 2000) (finding ACPA violated by defendant's use of domain name "barbiesplaypen.com" as adult entertainment website); *Lucent Technologies v. Johnson*, 56 U.S.P.Q.2d 1637, 2000 WL 1604055 at *3 (C.D.Cal. 2000) (concluding that defendant's use of plaintiff's famous trademark for website offering pornography is indicative of defendant's bad faith intent to profit); *Ford Motor Co. v. Lapertosa*, 126 F.Supp.2d 463, 466 (E.D.Mich. 2001) (entering preliminary injunction and finding plaintiff "highly likely to succeed on the merits of showing that Defendant has used the domain name fordrecalls.com with a bad faith intent to profit" in linking domain name to pornographic website).

Use of trademarks in domain names linked to pornographic websites is a well-recognized "hit generating technique" utilized by cyberpirates to siphon Internet visitors away from the trademark owner's site and to the cyberpirate's, in the hope that such visitor will become distracted from his or her original purpose and instead purchase the cyberpirate's wares. *See, e.g., Mattel*, 2000 WL 973745 at *4-5 (explaining technique and finding that "[i]t is clear that the defendants expected the same result from the use of the domain name "barbiesplaypen.com" to link to pornographic website).

### b. Offering to Sell a Domain Name without Having Made Legitimate Use of the Domain Name Constitutes Bad Faith Intent to Profit as a Matter of Law.

A defendant's offer to sell a domain name also establishes as a matter of law that defendant's bad faith intent to profit from the plaintiff's trademarks. *Porsche Cars North America, Inc. v. Spencer*, 55 U.S.P.Q.2d 1026, 2000 WL 641209 (E.D.Cal. 2000) (listing for

sale domain name porschesource.com on website located at that address demonstrates bad faith required for liability under ACPA). *See also E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 275-76 (5th Cir. 2002) (finding requisite bad faith when defendants registered domain names with intent to sell "some day").

### C. An Injunction Should Enter Ordering Barring Defendant's Registration of Any Domain Names Incorporating Tahitian Noni's Trademarks.

Under the Lanham Act, when a trademark owner's rights are being violated that party is entitled to an injunction. 15 U.S.C § 1116(a); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); *see also Mattel*, 2000 WL 973745 at *6 (finding, in analogous circumstances, that "permanent injunction barring defendants from the commercial use and infringement of any of Mattel's BARBIE trademarks is warranted). Thus, in this case, Tahitian Noni should be granted the injunctive relief that it has requested in the Complaint, specifically, an order transferring the trytahitiannoni.com domain name to the Plaintiff. Compl.¶ 34, of relief section.

### D. Compliance with the Soldiers and Sailors Relief Act.

Under the Soldiers and Sailors Civil Relief Act of 1940, 50 App. U.S.C. § 501 et. seq. (the "Act"), Tahitian Noni is required to submit a declaration "setting forth facts showing that the defendant is not in military service." 50 App. U.S.C. § 520(1). The facts set forth in the Declaration of M. Bettilyon at ¶ 10, show that Plaintiff is unaware of any person affiliated with Defendant that is in "military service" as defined in the Act.

Accordingly, the Act does not create any rights or protections for the Defendant, and specifically that portion of the Act dealing with default judgments at 50 App. U.S.C. § 520, does not apply.

///

///

///

///

## III. CONCLUSION

For the reasons stated above, Tahitian Noni respectfully requests the Court to enter a judgment by default against Defendant in the form of the proposed Order of Default Judgment submitted herewith.

DATED this 30th day of June, 2005.

          QUINN EMANUEL URQUHART OLIVER
          & HEDGES, LLP

          _____
          Micha Danzig

          Mark M. Bettilyon
          Arthur B. Berger
          RAY QUINNEY & NEBEKER

          Attorneys for Plaintiff TAHITIAN NONI
          INTERNATIONAL, INC. *dba* MORINDA, INC.

# PROOF OF SERVICE BY MAIL
## (1013A, 201.5. C.C.P.)

I am a resident of the United States. I am over the age of eighteen (18) years and I am not a party to the within entitled action. My business address is 4445 Eastgate Mall, Suite 200, San Diego, California 92121.

On July 11, 2005, I served **MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope in the United States mail at San Diego, California addressed as follows:

| | |
|---|---|
| U. S. Mail: | Digitaldomain LLC<br>70 Marcus Clarke Street<br>2601 Canberra (ACT)<br>AUSTRALIA |
| Facsimile:<br>Email:<br>Email: | <br>superdomainers@yahoo.com<br>Mrdigitaldomain@yahoo.com |

I, Leila Landa, certify and declare under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2005, in San Diego, California.

_____
Leila Landa